UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **GLORIA BAXTER** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | CIVIL COMPLAINT |
| ) | |
| **PRIMARY FINANCIAL SERVICES, LLC** ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Gloria Baxter, by and through her undersigned counsel, Joseph Bernwanger, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Gloria Baxter, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in the District.

### III.  PARTIES

4.      Plaintiff, Gloria Baxter, is an adult natural person residing at 28730 Somerset Place, Lathrup Village, MI 48076-0265.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Primary Financial Services, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Michigan and Arizona with a primary office located at 3115 North 3rd Avenue, Suite 112, Phoenix, AZ 85013.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      On or about April 6, 2010, Plaintiff was contacted via letter from Defendant informing her that they were collecting on an alleged debt owed to Wells Fargo Credit Services. **See Exhibit "A" (letter) attached hereto.**

8.      Defendant's letter went on to state that the Plaintiff needed to send a check or money order for the full amount of $5,744.49 immediately.

9. On or about April 12, 2010, Plaintiff received a call from Defendant demanding to know when she was going to make payment on the above referenced debt.

10. At that time, Plaintiff informed Defendant that she had engaged the services of the law firm of Persels & Associates, LLC to help aid her in the settlement of her outstanding debt and that they should call them directly on this matter.

11. Defendant told the Plaintiff that they would not work with Persels.

12. Plaintiff's daughter also started receiving calls from Defendant's agent, "Mark Wettaker," who falsely told her that her mother, the Plaintiff, had applied for a job and used the daughter as a reference.

13. Plaintiff's daughter was drilled for personal information on her mother, such as where she currently worked and what her title was.

14. Plaintiff's daughter refused to give out any information on her mother.

15. Defendant's agent placed at least one more call to Plaintiff's daughter trying to get information on Plaintiff even after they had already made contact with the Plaintiff.

16. In or around early May, 2010, Plaintiff's neighbor, Hunter Montgomery, also received a call from Defendant being told that she was used as a reference by the Plaintiff.

17. Hunter Montgomery was given the contact information of "Mark Wettaker", and asked to call number 800-661-0086, ext. 3104.  This number was a direct line to the Defendant.

18. Ms. Montgomery was asked by agent, "Mark Wettaker", about Plaintiff's character and what her work ethic was.

19. Ms. Montgomery was also asked if she knew how often the Plaintiff went to work and how often did she call out sick.

20. On or about May 6, 2010, Persels & Associates sent a "cease and desist" letter to the Defendant demanding that they stop all further contact with the Plaintiff.  **See Exhibit "B" (letter) attached hereto.**

21. On or about May 10, 2010, Plaintiff received a second letter from Defendant demanding immediate payment of the debt, which was now $5,770.48.  **See Exhibit "C" (letter) attached hereto.**

22. Defendant's letter stated that if the Plaintiff did not voluntarily clear up this matter that all available collection alternatives would be considered.

23. In addition, Defendant's May 10, 2010 letter, demands a higher dollar amount than reported on the initial letter marked **Exhibit "A"** without adequately explaining the derivative of this amount or its accuracy, thereby misleading the Plaintiff.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

27. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6): | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |

|  |  |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, Primary Financial Services, LLC, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  September 23, 2010            BY: */s/*  **Joseph L. Bernwanger** *(P71895)*
                                     **Attorney for Plaintiffs**
                                     **Joseph L. Bernwanger, P.L.L.C.**
                                     **407 E. Grand River Avenue**
                                     **Howell, MI 48843**
                                     **(734) 250-3508**
                                     **(517) 552-0895 - fax**
                                     **jbernwanger@yahoo.com**